IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DIANNE S. PITTMAN                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 1:04cv465WJG-JMR

JIM HOOD, ATTORNEY GENERAL, STATE
OF MISSISSIPPI; PEARL RIVER COUNTY,
BOARD OF SUPERVISORS; CLAIBORNE
MCDONALD, DISTRICT ATTORNEY; CITY
OF PICAYUNE; ZACKERY J. GRIMES;
ANITA M. GRIMES; SECRETARY OF
VETERANS AFFAIRS; AND ALL PERSONS
HAVING OR CLAIMING A LEGAL OR
EQUITABLE INTEREST IN THE
FOLLOWING DESCRIBED PROPERTY
PREVIOUSLY SOLD ON AUGUST 31, 1998
FOR DELINQUENT CITY OF PICAYUNE
1997 TAXES:

ADDITION LOT 44, HICKORY RIDGE
SUBDIVISION, A SUBDIVISION OF PEARL
RIVER COUNTY, MISSISSIPPI, SECTION 8,
TOWNSHIP 6 SOUTH RANGE 17 WEST,
PARCEL NO.:  617-308-000-01-011-00                                                         DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for reconsideration [22-1] filed by the Plaintiff, Dianne S. Pittman, pursuant to Federal Rule of Civil Procedure 59(e).  After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

On March 28, 2005, this Court entered its Final Judgment granting the Secretary of Veterans Affairs' [the Secretary's] cross-motion for summary judgment quieting title, denying

Plaintiff's motion for summary judgment and dismissing her claim to quiet title. (Ct. R., Doc. 21.) In its Memorandum Opinion, the Court found that the 1999 tax sale was valid and that such subsequent sale was paramount to the 1998 tax sale of the same property at issue. (Ct. R., Doc. 20, pp. 5-9.) This finding made the application of Mississippi Code Annotated, section 15-1-15 a non-issue and confirmed title in the Secretary. (*Id.*) In seeking reconsideration, Plaintiff argues (1) that the Court misapplied section 15-1-15 in light of *Turner Lumber Co. v. Beckham*, 277 So. 2d 110 (Miss. 1972); and (2) that defects in the notice requirements concerning the 1999 tax sale rendered the sale and the Secretary's title invalid. (Ct. R., Doc. 23, p. 5.)

In analyzing a motion to reconsider under Rule 59(e), the Court should consider the following list of non-exclusive factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of evidence or arguments; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered. *Lee v. State Farm Mut. Auto Ins. Co.*, 360 F. Supp. 2d 825, 828 (S.D. Miss. 2005). Plaintiff failed to address these factors and has largely repackaged her prior unavailing arguments for the Court's consideration. For this reason alone Plaintiff's arguments do not merit reconsideration.

Plaintiff argues that the Court should have applied section 15-1-15 in light of *Turner Lumber Co.* These same arguments were presented in Plaintiff's bid for summary judgment. The Court did not address *Turner Lumber Co.* because the Court relied upon an Attorney General's Opinion that logically concluded that a subsequent tax sale of the same property is paramount to

the prior tax sale. (Ct. R., Doc. 20, p. 5.) The Secretary did not need to attack the validity of the 1998 tax sale because the same property was sold for delinquent taxes in 1999, and the Secretary fell in the chain of title derived from the 1999 tax sale. Thus, neither section 15-1-15 nor *Turner Lumber Co.* were applicable. Plaintiff's argument does not warrant reconsideration.

Plaintiff also contends that the 1999 tax sale was void because Zackery and Anita Grimes were not provided adequate notice and because the city Clerk failed to file the proper affidavit attesting to diligent search and inquiry. Argument concerning notice defects with the 1999 tax sale was offered in Plaintiff's prior motion for summary judgment. The Court concluded that Mississippi Tax Realty was the record owner under the applicable statute and that proper notice was afforded it. (Ct. R., Doc. 20, pp. 6-8.) Additionally, Zackery and Anita Grimes have not brought suit challenging the 1999 tax sale or to quiet title. Plaintiff's argument does not warrant reconsideration. Consequently, this Court finds that Plaintiff's motion for reconsideration should be denied. It is hereby,

ORDERED that the motion of the Plaintiff, Dianne S. Pittman, for reconsideration [22-1] be, and is hereby, denied. It is further,

ORDERED that each party bear their respective costs in connection with this motion.

SO ORDERED this the 14th day of January, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE